IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

SOUTHERN DISTRICT OF MISSISSIPPI
FILED

NOV 12 2015

ARTHUR JOHNSTON
BY_____ DEPUTY

AMERICAN CIVIL RIGHTS UNION, )
in its individual and corporate capacities, )
                              )
           *Plaintiff,* )
                              )
                              )
     v. )                          Civil Action No. **3:15-cv-815 WHB-JCG**
                              )
NOXUBEE COUNTY, MISSISSIPPI )
ELECTION COMMISSION, )
           *Defendant.* )
                              )
**Serve: John D. Bankhead, Chair** )
         630 Martin Luther King Drive )
         Brooksville, MS 39739 )
_____ )

## COMPLAINT

Plaintiff, by its attorneys, brings this action for violations of Section 8 of the National

Voter Registration Act of 1993 ("NVRA"), 52 U.S.C. §20507.

1.      Plaintiff seeks declaratory and injunctive relief to compel Defendant's compliance

with Section 8 of the NVRA. Specifically, Defendant has violated Section 8 by failing to make a

reasonable effort to conduct voter list maintenance programs in elections for federal office and

by failing to produce records and data related to those efforts, as required by Section 8. Plaintiff

seeks injunctive relief commanding Defendant to permit inspections of election records pursuant

to 52 U.S.C. §20507(i). Plaintiff also seeks a declaration and an injunction requiring Defendant

to conduct and execute effective voter list maintenance programs in a manner that is consistent

with federal law.

## JURISDICTION AND VENUE

2.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331, as the action arises under the laws of the United States. This Court also has jurisdiction under 52 U.S.C. §20510(b), as the action seeks injunctive and declaratory relief under the NVRA.

3.    Venue in this Court is proper under 28 U.S.C. §1391(b), because a substantial part of the events or omissions giving rise to the claim occurred in this district.

## PARTIES

4.    Plaintiff American Civil Rights Union, Inc., ("ACRU") is a non-profit corporation, incorporated in the District of Columbia, which promotes election integrity, compliance with federal election laws, government transparency, and constitutional government. Plaintiff ACRU brings this action in its individual and corporate capacities and also on behalf of its members and supporters who are registered to vote in the State of Mississippi.

5.    The Defendant, Noxubee County, Mississippi Election Commission, is a body created by Miss. Code Ann. §23-15-211 (Supp. 2015).

6.    Multiple Mississippi statutes vest power in the Defendant to maintain voter rolls and place responsibility on the Defendant to ensure that only eligible voters are on the rolls. Miss. Code Ann. §23-15-153(1) (Supp. 2015) mandates, "[e]xcept for the names of those persons who are duly qualified to vote in the election, no name shall be permitted to remain on the registration books and pollbooks." Furthermore, Miss. Code Ann. §23-15-153(1) specifically requires the Defendant to "carefully revise the registration books and the pollbooks of the several voting precincts, and shall erase from those books the names of all persons erroneously on the books, or who have died, removed or become disqualified as electors from any cause." Miss.

Code Ann. §23-15-165(2) (1972, as amended) requires the Defendant to "enhance the maintenance of accurate county voter records."

## FACTUAL BACKGROUND

7. Defendant has a federal obligation to maintain accurate and current voter rolls which contain the names of only eligible voters residing in Noxubee County. Federal law requires "local election officials [to] perform list maintenance with respect to the computerized [state] list on a regular basis." 52 U.S.C. §21083(a)(2)(A). Moreover, Section 8 of NVRA requires Defendant to "conduct a general program that makes a reasonable effort to remove the names of ineligible voters from the official lists of eligible voters by reason of – (A) the death of the registrant; or (B) a change in the residence of the registrant . . . ." 52 U.S.C. §20507(a)(4)(A)-(B). Local election officials such as the Defendant are specifically obliged to carry out these list maintenance duties and remove ineligible voters from the rolls pursuant to 52 U.S.C. §20507(d)(3).

8. Section 8 of the NVRA also requires that Defendant shall "complete, not later than 90 days prior to the date of a primary or general election for Federal office, any program the purpose of which is to systematically remove the names of ineligible voters from the official lists of eligible voters." 52 U.S.C. §20507(c)(2)(A). Section 8 of the NVRA mandates that any such list maintenance programs or activities "shall be uniform, nondiscriminatory, and incompliance with the Voting Rights Act of 1965 (52 U.S.C. §10301 *et seq.*)." 52 U.S.C. §20507(b)(1).

9. Also pursuant to Section 8 of the NVRA, Defendant "shall maintain for at least 2 years and shall make available for public inspection . . . all records concerning the implementation of programs and activities conducted for the purpose of ensuring the accuracy and currency of official lists of eligible voters. . . ." 52 U.S.C. §20507(i)(1).

3

10.    Voter rolls maintained by the Defendant for Noxubee County contain more voters registered to vote than citizens eligible to vote. According to data housed at the Mississippi Secretary of State's Office in March 2015, Noxubee County, Mississippi had 9,271 registered voters, despite having a voting age population of only 8,245 according to the United States Census. Thus, more than 110 percent of living citizens old enough to vote are registered to vote in Noxubee County in 2015.

11.    Noxubee County has had longstanding problems maintaining plausible numbers of registrants on the rolls. During the 2010 federal general election, according to contemporaneous data from the Election Assistance Commission, Noxubee County had 9,518 registered voters, while the 2010 Census showed a voting age population of 8,416, resulting in about 113 percent of living citizens eligible to vote in Noxubee County were registered to vote.

12.    During the 2012 federal general election, Noxubee County still had about 113 percent of living citizens eligible to vote registered. According to contemporaneous data from the United States Census and the Election Assistance Commission, Noxubee County had a voting age population of 8,212 in 2012, but had 9,317 registered voters.

13. During the 2014 federal general election, Noxubee County still had about 111 percent of living citizens eligible to vote registered. According to contemporaneous data from the United States Census and the Election Assistance Commission, Noxubee County had a voting age population of 8,298 in 2014, but had 9,212 registered voters.

14.    Defendant is responsible for allowing this circumstance to occur and persist over the past several election cycles. By failing to implement a program which takes reasonable steps to cure these circumstances, Defendant has violated NVRA and other federal list maintenance statutes.

15.    State election officials have repeatedly insisted that county registrants, including the Defendant, cure failures to reasonably maintain the rolls. But the Defendant has failed to implement a reasonable program to ensure compliance with NVRA and other federal list maintenance statutes. Mississippi law provides no mechanism (such as a private right of action or power to place the Defendant in receivership for dereliction of list maintenance obligations) to force compliance with federal law if Defendant refuses to exercise ministerial powers to ensure the voter rolls contain only the names of eligible and living voters. The only state remedy the citizens of Mississippi have to cure this circumstance is to vote the members of an election commission out of office, an electoral remedy which would be tainted by ineligible persons being eligible to participate in that very election.

16.    The failure of the Defendant to comply with its obligations under federal voter registration laws has undermined the confidence of Mississippi's properly registered voters in the integrity of the voter registration rolls and, accordingly, in the integrity of elections held in the State of Mississippi. *See also*, Noel, Apr. 5, 2005, A.G. Op. 05-0129 (Failure to properly purge rolls "could result in fraudulent use of names . . . which could affect validity of election.").

17.    On June 10, 2014, Susan Carleson, the President of the ACRU, writing on behalf of ACRU and its members and supporters who are registered to vote in the State of Mississippi, sent a statutory notice letter to John D. Bankhead, Chair of the Defendant Noxubee County Election Commission, notifying him that the Defendant was in violation of federal voter registration laws. (Attached as Exhibit A.) The notice letter informed the Defendant that "your county is in apparent violation of Section 8 of the National Voter Registration Act (NVRA) based on our research." (Exhibit A at 1.) The letter explained that, "Based on our comparison of publicly available information published by the U.S. Census Bureau and the federal Election

Assistance Commission, your county is failing to comply with Section 8 of the NVRA." (*Id.*) The letter, *inter alia*, stated: "In short, your county has significantly more voters on the registration rolls than it has eligible live voters." (*Id.*) Since the ACRU sent the Defendant the notice letter, the situation has grown worse and the percentage of registrants compared to eligible residents has climbed, not decreased.

18. The June 10, 2014 letter also sought a variety of publicly available information which would tend to indicate whether or not the Defendant was in compliance with NVRA and other federal laws. (Exhibit A at 2.) Among the data requested were current registration data, the numbers of voters purged pursuant to maintenance obligations, the number of notices sent to inactive voters, the number of voters removed due to criminal conviction, and the most recent number of registered voters. (*Id.*)

19. The June 10, 2014 letter also requested that the Defendant make available for public inspection all records concerning "the implementation of programs and activities conducted for the purpose of ensuring the accuracy and currency" of official lists of eligible voters, explaining that the Defendant was required to make such records available under Section 8 of the NVRA. (*Id.* (quoting 42 U.S.C. § 1973gg-6(i)(1)).)

20. The June 10, 2014 letter also notified Defendant that a lawsuit may be brought against it to ensure compliance with the requirements of federal voter registration laws. (Exhibit A at 2.)

21. The Defendant never responded to the June 10, 2014 notice letter. In August 2015, over a year later, the ACRU initiated contact with the Defendant in an effort to remedy the Defendant's failure to reasonably maintain the voter rolls. Prior to filing this action, the ACRU,

6

by and through counsel, expended considerable time, energy, and monetary costs to encourage the implementation of a remedial program to clean the Defendant's registration records.

22.    Representatives of the Plaintiff traveled to Noxubee County in September 2015 and met with the Defendant during one of its meetings to discuss remedial programs and request current registration numbers. The Defendant provided an updated and current number showing 9,444 registered voters, demonstrating that the problem has grown more acute. The Defendant said they would update Plaintiff's counsel regarding the Defendant's progress toward implementing remedial programs. The Defendant did not do so.

23.    Subsequent to the meeting, a representative of the Plaintiff contacted Defendant to discuss remedies for the Defendant's violations of law, without success.

## PLAINTIFF ACRU

24.    Plaintiff ACRU is a corporation with individual members and supporters. Members and supporters enable the mission of ACRU and some make financial contributions to support this mission.

25.    Plaintiff, as an organization, has been harmed by Defendant's failure to properly maintain the voter rolls in Noxubee County. Upon learning of the state of the voter rolls in Noxubee County, the ACRU initiated efforts to remedy the circumstance of having more registrants than eligible residents in Noxubee County. An essential and core mission of the Plaintiff is to foster compliance with federal election laws, promote election integrity and ensure that only eligible voters may participate in American elections so as prevent dilution of legitimate votes by illegal votes. To that end, the ACRU first analyzed the data regarding Noxubee County registrations, sent a notice to the Defendant seeking a remedy to the problem, initiated discussions with the Defendant in an effort to cure the problem, spent thousands of

dollars and significant amounts of organizational resources toward a cure, traveled to Noxubee County, and at considerable monetary expense, encouraged citizens of Noxubee County to seek a cure. The ACRU has suffered pecuniary harm as an organization in the fruitless effort to implement a remedial program to cure problems with registration rolls in Noxubee County.

26.    Plaintiff has members and supporters in the State of Mississippi. Plaintiff's members and supporters in the State of Mississippi are registered to vote in the State of Mississippi. These members and supporters share Plaintiff's interest in the accuracy and currency of official lists of eligible voters in the State of Mississippi, as the accuracy and currency of these lists directly affects their right to vote.

27.    Defendant's actions and omissions have injured and continue to cause injury to members and supporters of Plaintiff who are registered to vote in the State of Mississippi because they are undermining their confidence in the integrity of the electoral process and the effectiveness of their vote.

28.    It is unlikely that any individual supporter would have the ability or the resources to take action to protect their individual interests or redress the injury to their right to vote absent collective action by Plaintiff.

29.    Plaintiff, as an organization, has also been and continues to be harmed by the refusal of Defendant to provide substantive responses to requests for election data and the rights to inspect election records concerning the Defendant's voter list maintenance programs and activities, an issue of substantial public importance especially in an election year. Not only has the refusal of Defendant denied Plaintiff the ability to obtain records and data about an issue of substantial public importance, but it also is preventing Plaintiff from analyzing such records and

8

information and disseminating its findings to the public. Consequently, Defendant is injuring the ability of Plaintiff to carry out its public interest mission.

30.    As an integral part of its public interest mission, Plaintiff disseminates information about compliance by state and local officials with federal election statutes, including election integrity statutes. A central activity of the Plaintiff is to promote election integrity and compliance with federal and state statutes which ensure the integrity of elections. Defendant's violation of NVRA has impaired and will impair Plaintiff from carrying out this public interest mission. Plaintiff itself has been harmed by Defendant's noncompliance with the NVRA.

## COUNT I

### (Violation of the NVRA: Failure to Conduct List Maintenance)

31.    Plaintiff realleges paragraphs 1 through 30 as if fully stated herein.

32.    Defendant has failed to make reasonable efforts to conduct voter list maintenance programs, in violation of Section 8 of NVRA, 52 U.S.C. §20507 and 52 U.S.C. §21083(a)(2)(A).

33.    Plaintiff has suffered an irreparable injury as a direct result of Defendant's violation of Section 8 of the NVRA and 52 U.S.C. §21083(a)(2)(A). Defendant's failure to comply with the NVRA has aggrieved Plaintiff by impairing its essential and core mission of fostering compliance with federal election laws, promotion of election integrity and avoiding vote dilution when ineligible voters participate in elections. Defendant's failure to comply with the NVRA has caused the Plaintiff pecuniary injury.

34.    Plaintiff's members and supporters in Mississippi will continue to be injured by Defendant's violations of Section 8 of the NVRA because confidence in the legitimacy of elections in Mississippi will be undermined and burden their right to vote unless and until Defendant is enjoined from continuing to violate the law.

9

35.     Plaintiff has no adequate remedy at law.

## COUNT II

**(Violation of the NVRA: Failure to Produce Records and Data)**

36.     Plaintiff realleges paragraphs 1 through 35 as if fully stated herein.

37.     Defendant has failed to respond to Plaintiff's written request for data, failed to produce or otherwise failed to make records available to Plaintiff concerning Defendant's implementation of programs and activities for ensuring the accuracy and currency of official lists of eligible voters for Noxubee County, in violation of Section 8 of the NVRA, 52 U.S.C. §20507(i).

38.     Plaintiff has suffered an irreparable informational injury as a direct result of Defendant's violation of Section 8 of the NVRA because the Plaintiff does not have the data and records requested. The NVRA confers upon Plaintiff an individual right to information, and by denying that information to Plaintiff, Defendant caused a concrete injury to Plaintiff.

39.     Plaintiff will continue to be injured by Defendant's violations of Section 8 of the NVRA unless and until Defendant is enjoined from continuing to violate the law.

40.     Plaintiff has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for a judgment:

1.     Declaring that Defendant is in violation of Section 8 of the NVRA;

2.     Enjoining the Defendant from failing or refusing to comply with the voter registration list maintenance requirements of Section 8 of the NVRA in the future;

3.     Ordering the Defendant to pay Plaintiff's reasonable attorney's fees, including litigation expenses and costs, pursuant to 52 U.S.C. §20510(c); and

10

4.     Granting Plaintiff further relief that this Court deems just and proper, including potential preliminary injunctive relief to ensure that the March 2016 Mississippi federal primary elections are not conducted in Noxubee County using voter rolls with ineligible registrants.

Dated: November 12, 2015

For the Plaintiff ACRU:                        Respectfully submitted,


Henry Ross
P.O. Drawer B
Eupora, Mississippi 39744
(662) 552-5603
henryross7@att.net
Mississippi State Bar No. 5687

Joseph A. Vanderhulst
PUBLIC INTEREST LEGAL FOUNDATION
209 W. Main Street
Plainfield, IN 46168
(317) 203-5599
jvanderhulst@publicinterestlegal.org
*Pro Hac Vice application to be filed*



Attorneys for Plaintiff

11